**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>THE UNIVERSITY OF THE ARTS,[1]<br><br>Debtor. | Chapter 7<br><br>Case No. 24-12140 (BLS)<br><br>**Hearing Date: TBD**<br>**Objection Date: TBD** |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTOR TO REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION OF NATURAL PERSONS, AND (II) GRANTING RELATED RELIEF**

The above-captioned debtor (the "Debtor"), by and through its undersigned counsel, seeks entry of an order, (i) authorizing, but not directing, the Debtor to redact certain personally identifiable information of natural persons; and (ii) granting such related relief. In support thereof, the Debtor respectfully states as follows:

**Background**

1.      The University of the Arts ("UArts" or the "Debtor") is a not-for-profit corporation; it was an institution accredited by the Middle States Commission on Higher Education ("Middle States") and offered degrees in visual arts and performing arts fields.

2.      UArts closed as of Friday, June 7, 2024.

3.      Since closure, UArts has reached teach out agreements with more than ten (10) accredited institutions, which agreements enable its students to transfer to those institutions.

4.      On September 13, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

---

[1]      The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is The University of the Arts (9911). The University of the Arts has an address at 320 South Broad Street, Philadelphia, PA 19102.

5.     Certain of the Debtor's creditors are natural persons, including (current or former) employees and former students.

6.     The Debtor has filed the Creditor Matrix and Schedules and Statements with the personally identifiable information of natural persons redacted so that such information does not become public before the issue can be brough before the Court.  Contemporaneously, the Debtor brings this motion pursuant to Local Rule 1007-1(a) seeking approval for same.

## Jurisdiction and Venue

7.     The United States Bankruptcy Court for District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Debtor confirms its consent to the Court entering a final order in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

8.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

9.     The bases for the relief requested herein are sections 105, 107, and 521 of title 11 of the United States Code (the "Bankruptcy Code"), rules 1007, 2002, 9007, 9018 and 9037 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 1007-1 and 9037-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

**Relief Requested**

10.     The Debtor seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"): (i) authorizing, but not directing, the Debtor to redact certain personally identifiable information of natural persons; and (ii) granting related relief.

**Basis for Relief**

**Redaction of Personally Identifiable Information of Natural Persons Is Warranted.**

11.     Section 107(c) of the Bankruptcy Code provides that the Court:

> [F]or cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> (A)     Any means of identification . . . contained in a paper filed, or to be filed in a case under [the Bankruptcy Code].
>
> ( )     Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1). Furthermore, Bankruptcy Rule 9037(a) authorizes the Debtor to redact certain personally identifiable information of individuals. *See* Fed. R. Bankr. P. 9037 and *see also* Local Rule 9037-1.

12.     The Debtor requests authority to redact the home addresses and e-mail addresses of natural persons, including individual creditors and former students and employees, from any paper filed or to be filed with the Court in this chapter 7 case; such filings include but are not limited to, the Creditor Matrix, the Schedules and Statements, and any related affidavits of service.  The Debtor seeks authority to redact this information because such information could be used to perpetrate identity theft and phishing scams or to locate survivors of domestic violence, harassment, or stalking.  *See* 11 U.S.C. § 107(c)(1). Accordingly, in an abundance of caution, the Debtor seeks to redact the home addresses, and email addresses of all natural persons.

13.    In addition, as to former students, the Debtor seeks such authority pursuant to the Family Education Rights and Privacy Act, 20 U.S.C. § 1232(g), and the regulations promulgated thereunder, 34 C.F.R. § 99.1 *et seq.*   Disclosure of personally identifiable information about students is restricted under that act and its regulations. 34 CFR § 99.30 (limiting the disclosure of personally identifying information of students absent obtaining each student's consent.) *See also Alig-Mielcarek v. Jackson,* 286 F.R.D. 521, 526 (N.D.Ca. 2012) (quashing a subpoena for student records in light of privacy interests of the students).

14.    In addition, as to any natural person living in or holding citizenship in the European Union, the Debtor seeks such authority pursuant to the General Data Protection Regulation ("GDPR"), the law governing data protection in the European Union. Failure to redact such personal data could result in claims that the GDPR has been violated.

15.    Finally, as to minors, the Debtor requests authority to redact the names, addresses, phone numbers, and email addresses of any natural person that may be under the age of eighteen (18) from any paper filed or to be filed with the Court.  *See* Fed. R. Bankr. P. 9037(a).

16.    The Debtor proposes to provide an unredacted version of the Creditor Matrix, Schedules and Statements, and any other filings redacted pursuant to the proposed order to (a) the Court, (b) the United States Trustee, (c) the Chapter 7 Trustee and its counsel, and (d) any proposed Claims and Noticing Agent.[2] Nothing requested herein or in the proposed Order is intended to preclude a party in interest's right to file a motion requesting that the Court unseal the redacted information.

---

[2]    Pre-petition, the Debtor retained Stretto, Inc. If authorized/retained by the Chapter 7 Trustee Stretto has the information necessary to send out the Notice of Chapter 7 Bankruptcy Case (including by email to a very large portion of the parties to be noticed).

17.      Courts in this jurisdiction and within the Third Circuit have granted the relief requested herein in comparable cases. *See, e.g.*, *In re PGX Holdings, Inc.*, No. 23-10718 (CTG) (Bankr. D. Del. July 19, 2023, ECF No. 201) (authorizing the debtors to redact the names, home addresses, and email addresses of individual customers listed on the creditor matrix, schedules and statements, and other documents filed with the court); *In re SiO2 Medical Products, Inc.*, No. 23-10366 (JTD) (Bankr. D. Del. June 15, 2023, ECF No. 385) (same); *In re Cyxtera Technologies, Inc.*, No. 23-14853 (JKS) (Bankr. D.N.J. June 29, 2023, ECF No. 185) (authorizing the debtors to redact the home and email addresses of individuals listed on the creditor matrix, schedules and statements, and other documents filed with the court); *In re Bed, Bath & Beyond Inc.*, No. 23-13359 (VFP) (Bank. D.N.J. May 17, 2023, ECF No. 376) (same); *In re David's Bridal, LLC*, No. 23-13131 (CMG) (Bankr. D.N.J. Apr. 17, 2023, ECF No. 73) (same); *In re FTX Trading Ltd.*, No. 22-11068 (JTD) (Bankr. D. Del. Jan. 20, 2023, ECF No. 545) (authorizing the debtors to redact the names, addresses, and e-mail addresses of their customers from any documents filed with the court or made publicly available in the debtors' chapter 11 cases for ninety days from the entry of the final order) *In re BlockFi Inc.*, No. 22-19361 (MBK) (Bankr. D.N.J. Nov. 30, 2022, ECF No. 53) (interim order authorizing the debtors to redact the home and e-mail addresses of individuals listed on the creditor matrix, schedules and statements, or other documents filed with the court); *In re Carestream Health, Inc.*, No. 22-10778 (JKS) (Bankr. D. Del. Oct. 6, 2022, ECF No. 209) (authorizing the debtors to seal those portions of the creditor matrix, consolidated creditor list, and the lists of equity security holders that contain the residential address information of individuals); *In re Christopher & Banks Corp.*, No. 21-10269 (ABA) (Bankr. D.N.J. Jan. 15, 2021, ECF No. 48) (authorizing the debtors to redact the home addresses of individuals listed on the creditor matrix,

schedules and statements, and other documents filed with the court); *In re SLT Holdco, Inc.*, No. 20-18368 (MBK) (Bankr. D.N.J. July 13, 2020, ECF No. 74) (same).[3]

18.    In addition to granting the requested relief, this Court has expounded on the importance of authorizing debtors to redact individual creditors' personally identifiable information, including home addresses in particular. In overruling the objection of the U.S. Trustee to the same redaction relief proposed here, then Chief Judge Sontchi, in *Art Van Furniture* noted that the proposed redaction is not a "burden of proof" issue so "much as a common sense issue." Hr'g Tr. at 25:6–7, ECF No. 82, *In re Art Van Furniture, LLC*, Case No. 20-10553 (CSS) (Bankr. D. Del. Mar. 10, 2020).  A copy of the transcript is attached hereto as **Exhibit B**.  Judge Sontchi found that "at this point and given the risks associated with having any kind of private information out on the internet, [redaction] has really become routine [and] I think obvious relief." *Id*. at 25:13–16. The Debtor reserves the right to supplement the record with respect to such risks insofar as they are not self-evident in this instance.

19.    For these reasons, the Debtor respectfully submits that cause exists to authorize the Debtor to redact, pursuant to 11 U.S.C. § 107(c)(1) and Bankruptcy Rule 9037, (i) the home addresses, and e-mail addresses of natural persons listed on the Creditor Matrix, Schedules and Statements, or any other document filed with the Court, and (ii) the names, addresses, phone numbers, and email addresses of any natural person living in or holding citizenship in the European Union and/or under the age of eighteen (18).  Absent such relief, there is risk of making individuals more susceptible to identity theft and phishing scams and could jeopardize the former students, current and former employees, contract workers, and other individual creditors who, unbeknownst

---

[3]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion.

to the Debtor, are survivors of domestic violence, harassment, or stalking by public filing of their home and e-mail addresses without any advance notice or opportunity to opt out or take protective measures.

## **No Prior Request**

20.     No prior request for the relief sought in this motion has been made to this or any other court.

## **Notice**

21.     The Debtor has provided notice of this Motion to: (a) the United States Trustee for the District of Delaware; (b) all entities known to have asserted a lien or interest in the Debtor's assets; (c) the Internal Revenue Service; (d) the Commonwealth of Pennsylvania – Department of Revenue; (e) the Commonwealth of Pennsylvania – Office of the Attorney General; (f) the City of Philadelphia - Department of Revenue; and (g) all parties receiving notices of filings in this case through the Court's ECF System. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

**WHEREFORE**, the Debtor respectfully requests that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, (i) granting the relief requested herein and (ii) granting such other relief as is just and proper.

Dated: September 13, 2024               **MONTGOMERY McCRACKEN WALKER & RHOADS LLP**

*/s/ Marc J. Phillips*
Richard G. Placey (No. 4206)
Gregory T. Donilon (No. 4244)
Marc J. Phillips (No. 4445)
1105 North Market Street, 15th Floor
Wilmington, Delaware 19801
Telephone: (302) 504-7800
rplacey@mmwr.com
gdonilon@mmwr.com
mphillips@mmwr.com

*Counsel for the Debtor*

-8-