<u>Exhibit B</u>

Hearing Transcript

*In re: Art Van Furniture, LLC*, Case No. 20-10553 (CSS) (Bankr. D. Del. Mar. 10, 2020)

1                    UNITED STATES BANKRUPTCY COURT
                         DISTRICT OF DELAWARE
2

3                                         .    Chapter 11
   IN RE:                                 .
4                                         .    Case No. 20-10553 (CSS)
   ART VAN FURNITURE, LLC, et al.,   .
5                                         .    Courtroom No. 6
                                          .    824 North Market Street
6                                         .    Wilmington, Delaware 19801
                                          .
7                        Debtors.         .    March 10, 2020
   . . . . . . . . . . . . . . . . . .         10:00 A.M.
8

                    TRANSCRIPT OF FIRST DAY HEARING
9           BEFORE THE HONORABLE CHRISTOPHER S. SONTCHI
                    UNITED STATES BANKRUPTCY JUDGE
10

   APPEARANCES:
11

12 For the Debtors:        Gregory G. Werkheiser, Esquire
                           Michael J. Barrie, Esquire
13                         Jennifer Hoover, Esquire
                           Kevin Capuzzi, Esquire
14                         John C. Gentile, Esquire
                           BENESCH, FRIEDLANDER, COPLAN
15                            & ARONOFF LLP
                           222 Delaware Avenue, Suite 801
16                         Wilmington, Delaware 19801

17

18 Audio Operator:         Leslie Murin

19 Transcription Company:  Reliable
                           1007 N. Orange Street
20                         Wilmington, Delaware 19801
                           (302)654-8080
21                         Email:  gmatthews@reliable-co.com

22 Proceedings recorded by electronic sound recording, transcript
   produced by transcription service.
23

24

25

1 | are not part of this bankruptcy by choice, but because they

2 | merely work for the debtor or have dealings with the debtor

3 | outweigh any transparency or public policy concerns that the

4 | Office of the United States Trustee may raise.

5 |          We recognize that those concerns are important,

6 | but redacting the home addresses, not the names of those

7 | creditors, will not impinge on the bankruptcy process.  Those

8 | addresses will be made available to the court, to the Office

9 | of the United States Trustee, to any creditors committee.

10 | So, I see not prejudice in redacting them from the publicly

11 | filed versions of the creditor matrix.

12 |          Similar relief has been granted recently, as

13 | recent as last year in Loot Crate, THG Holdings, and the

14 | Achaogen cases, as well as older cases such a Model Reorg and

15 | Dex Media which are set forth in our motion.  The debtors,

16 | therefore, assert that cause exists under 107(c)(1) to grant

17 | the relief requested.

18 |          THE COURT:  All right.

19 |          MR. CAPUZZI:  Thank you.

20 |          THE COURT:  Any objection?

21 |          MS. RICHENDERFER:  Your Honor, Linda Richenderfer

22 | for the Office of the United States Trustee.

23 |          Your Honor, I rise to object because I note for

24 | the record that there has been no attempt to make an

25 | evidentiary showing to meet the burden.  We just have generic

1   comments regarding identity theft.  There is nothing in the

2   first day affidavit regarding this.  So, I would just submit

3   to Your Honor that the debtors have not met their burden of

4   proof.

5             THE COURT:  Okay.  Well I disagree on that in that

6   I really don't view it as a burden of proof as much as a

7   common sense issue.  I'm not sure what proof you would say

8   other than to get a witness up and say just want counsel

9   said.

10            In my experience this has become a serious issue

11  and I have changed my thinking on this as I'm sure people who

12  track these things know, based on experience in a previous

13  case.  In my mind, at this point and given the risks

14  associated with having any kind of private information out on

15  the internet, this has really become routine.  I think

16  obvious relief.

17            I don't ignore the plain meaning of the code or

18  the rules lightly, but sometimes the code and the rules lag

19  behind reality, and don't take into account the issues that

20  face real life people every day.  I can, from personal

21  experience, tell you that identity theft happens, it happens

22  all the time. It happened to my wife and I a few years ago.

23  And I have had experience in other cases with people who have

24  been subject to danger by estranged people in their lives who

25  have been able to find out where they are.  I take that

1  extremely seriously.

2          So, I will overrule the objection and grant the

3  motion.

4          MR. CAPUZZI:  Thank you, Your Honor.  We will

5  upload that order.

6          To round up the operation motions my colleague,

7  Kate Harmon, will handle the utilities motion, then Mr.

8  Werkheiser will be back for customer programs and cash

9  collateral.

10          Thank you.

11          THE COURT:  Now I know it's cold in here, but is

12  that a scarf?

13          MS. HARMON:  It is.

14          THE COURT:  Okay.

15      (Laughter)

16          THE COURT:  It's lovely, it's just its not that

17  cold.

18          MS. HARMON:  Always cold.  Good morning, Your

19  Honor.  Kate Harmon, Benesch Friedlander Coplan & Aronoff,

20  proposed counsel to the debtors.

21          As Mr. Capuzzi mentioned, I will be presenting the

22  utilities motion which is Number 10 on the agenda and should

23  be Number 10 in your binder.

24          As set forth more fully in our motion we are

25  seeking interim relief today with respect to the utility