**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| THE UNIVERSITY OF THE ARTS, *et al.*, | Case No. 24-12140 (BLS)<br>Jointly Administered |
| Debtors. | Re: D.I. 30, 35<br>**Hearing Date: Oct. 11, 2024, at 1:30 p.m.**<br>**Obj. Deadline: Oct. 9, 2024, at 4:00 p.m.** |

**OBJECTION OF THE UNITED STATES TRUSTEE TO CHAPTER 7 TRUSTEE'S
MOTION TO APPROVE USE OF CASH COLLATERAL**

Andrew R. Vara, United States Trustee for Region 3 (the "U.S. Trustee"), through his undersigned counsel, objects to *Motion of the Chapter 7 Trustee for Entry of Interim and Final Orders (I) Authorizing the Trustee to Use Cash Collateral, (II) Granting Adequate Protection, (III) Approving Sharing Arrangement, and (IV) Granting Related Relief* [D.I. 30] (the "Motion"), and respectfully states as follows:

**PRELIMINARY STATEMENT**

1. The Court should deny the Motion for three reasons. First, the Motion seeks to cut the 75-day investigation period in the Local Rules in half. This, despite a substantial amount of debt being extended in the weeks and months leading up to the petition date. Second, the form of order is not clear that (a) the Stipulations (as defined in the Motion) and (b) the adequate protection package are subject to the challenge period. Third, the parties apparently have not yet agreed to any carve-out for unsecured creditors. These cases should not be run simply to liquidate secured creditors' collateral; if there is no recovery for unsecured creditors, then the secured creditors can seek stay relief to foreclose on their collateral in state court. Unless these issues are addressed, the Court should deny the Motion.

## JURISDICTION & STANDING

2. Pursuant to 28 U.S.C. § 1334, applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and resolve this objection.

3. Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with monitoring the federal bankruptcy system. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (11 U.S.C. § 307 gives the U.S. Trustee "public interest standing"); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

4. The U.S. Trustee has standing to be heard on the Motion pursuant to 11 U.S.C. § 307.

## BACKGROUND

5. On September 13, 2024, the above-captioned debtors (the "Debtors") filed chapter 7 petitions in this Court. Alfred T. Giuliano (the "Chapter 7 Trustee") was appointed as the chapter 7 trustee.

6. The lead Debtor is a non-profit educational institution that offered degrees in visual arts and performing arts. *See* D.I. 3 ¶ 1. The lead Debtor closed on June 7, 2024. *See id.* ¶ 2.

7. On October 2, 2024, the Chapter 7 Trustee filed the Motion.

8. On October 2, 2024, the Court granted the Chapter 7 Trustee's request to shorten notice on the Motion and set the Motion for hearing on October 11, with objections due October 9 at 4:00 p.m. D.I. 33.

**ARGUMENT**

9. The Court should deny the Motion for three reasons.

10. First, the Motion seeks to cut the 75-day investigation period in Local Rule 4001-2(a)(i)(Q) to 30 days. Paragraph 7(b) of the form of interim cash collateral filed with the Motion states in relevant part: "The Trustee and/or any other party in interest must commence a contested matter or adversary proceeding raising a Claim Objection against the Prepetition Secured Creditors no later than thirty (30) days after the date of entry of this Interim Order (the "**Challenge Period**"), unless otherwise extended by agreement of Prepetition Secured Creditors solely for the Trustee." There is no showing of extraordinary circumstances. *See* Local Rules 4001-2(a)(i)(Q) and 4001-2(b)(ii). To the contrary, paragraph E(i) of the form of interim cash collateral order indicates that substantial amounts of debt were extended or executed in the weeks and months leading up to the petition date. Further, as discussed infra, there is no assurance that unsecured creditors will receive any recovery in these cases. The Chapter 7 Trustee himself "has not yet had an adequate opportunity to investigate the amount, extent, validity, priority and perfection of the Prepetition Secured Obligations and/or the Prepetition Liens." Motion at 13. There is no reason to shorten the investigation period. It should be the standard 75 days.

11. Second, paragraphs 3 and 4 of the form of interim cash collateral order would give the secured creditors adequate protection—but without subjecting that adequate protection to the challenge period. If the pre-petition liens that form the basis for adequate protection are successfully challenged, then any corresponding adequate protection should likewise fall away. *But see* order para. 4 ("This Interim Order shall be sufficient and conclusive evidence of the validity, perfection, and priority of the Adequate Protection Lien . .

3

. . The Adequate Protection Liens shall be valid and enforceable notwithstanding the dismissal of the Chapter 7 Cases."). The Court should deny the Motion unless the form of order states that the Court can fashion an appropriate remedy if the Stipulations or prepetition liens are successfully challenged.

12. Third, paragraphs 6 and 9 of the form of interim cash collateral order would require the Chapter 7 Trustee to seek to sell all the estates' assets, but without any assurance that such administration would benefit anyone other than the secured creditors. Paragraph 6(b) of the form of interim cash collateral order reserves the "Other Creditor Carve-Out" for the final hearing. Meanwhile, paragraph 9 of the order would require the Chapter 7 Trustee to "seek approval of one or more sales . . . of substantially all of the Debtors' remaining assets . . . in consultation with the Bridge Notes Collateral Agent, Bonds/TD Collateral Agent, and TD Bank." The Court should not order the Chapter 7 Trustee to liquidate assets before it is clear that the assets are being administered for the benefit of all creditors (including unsecured creditors), not just secured creditors aiming to liquidate their collateral. *See* Handbook for Chapter 7 Trustees (Effective Oct. 1, 2012) § 4.A ("the trustee must consider whether sufficient funds will be generated to make a meaningful distribution to unsecured creditors, including unsecured priority creditors, before administering a case as an asset case.").[1] If there will be no recovery for unsecured creditors in these cases, then the secured creditors can seek stay relief to foreclose on their collateral in state court. The Court should deny the Motion unless paragraphs 6 and 9 of the form of interim cash collateral order travel together, and include a fiduciary out for the Chapter 7 Trustee to exercise his business judgment about how to administer the cases in accordance with the Bankruptcy Code.

---

[1] Available at https://www.justice.gov/ust/page/file/762521/dl?inline (last visited Oct. 9, 2024).

WHEREFORE, the U.S. Trustee respectfully requests that the Court deny the Motion and grant such other relief as the Court deems appropriate and just.

| | |
|---|---|
| Dated:   October 9, 2024<br>Wilmington, Delaware | Respectfully submitted,<br><br>**ANDREW R. VARA**<br>**UNITED STATES TRUSTEE,**<br>**REGIONS 3 & 9**<br><br>By: <u>*/s/ Benjamin Hackman*</u><br>Benjamin A. Hackman<br>Trial Attorney<br>United States Department of Justice<br>Office of the United States Trustee<br>J. Caleb Boggs Federal Building<br>844 King Street, Suite 2207, Lockbox 35<br>Wilmington, DE 19801<br>(302) 573-6491<br>(302) 573-6497 (fax)<br>benjamin.a.hackman@usdoj.gov |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| THE UNIVERSITY OF THE ARTS, *et al.*, | : | Case No. 24-12140 (BLS)<br>Jointly Administered |
| Debtors. | : | Re: D.I. 30, 35<br>**Hearing Date: Oct. 11, 2024, at 1:30 p.m.**<br>**Obj. Deadline: Oct. 9, 2024, at 4:00 p.m.** |

### CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2024, I caused to be served a copy of the *Objection of the United States Trustee to Chapter 7 Trustee's Motion to Approve Use of Cash Collateral* in the above-entitled action through the CM/ECF notification system, with courtesy copies upon the following via e-mail:

David W. Carickhoff (No. 3715)
Alan M. Root (No. 5427)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
carickhoff@chipmanbrown.com
root@chipmanbrown.com

Gregory T. Donilon, Esquire
Marc J. Phillips, Esquire
Richard G. Placey, Esquire
Montgomery McCracken Walker & Rhoads LLP
1105 North Market Street, Suite 1500
Wilmington, DE 19801
Email: gdonilon@mmwr.com
mphillips@mmwr.com
rplace@mmwr.com

Amy Caton, Esquire
Douglas Buckley, Esquire
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
Email: acaton@kramerlevin.com
dbuckley@kramerlevin.com

Domenic E. Pacitti, Esquire
Klehr Harrison Harvey Branzburg LLP
919 North Market Street, Suite 1000
Wilmington, DE 19801-3062
Email: dpacitti@klehr.com

Morton R. Branzburg, Esquire
Klehr Harrison Harvey Branzburg LLP
1835 Market Street, Suite 1400
Philadelphia, PA 19103
Email: mbranzburg@klehr.com

| | |
|---|---|
| Nicholas Brannick, Esquire<br>Ballard Spahr, LLP<br>919 North Market Street, 11th Floor<br>Wilmington, DE 19801-3034<br>Email: brannickn@ballardspahr.com | Diane E. Vuocolo, Esquire<br>Ballard Spahr, LLP<br>919 North Market Street, 11th Floor<br>Wilmington, DE 19801-3034<br>Email: vuocolod@ballardspahr.com |
| Dated: October 9, 2024<br>        Wilmington, Delaware | **ANDREW R. VARA**<br><br>**UNITED STATES TRUSTEE,<br>REGIONS 3 and 9**<br><br>By:  */s/ Benjamin Hackman*<br>Benjamin A. Hackman<br>Trial Attorney<br>Department of Justice<br>Office of the United States Trustee<br>J. Caleb Boggs Federal Building<br>844 King Street, Suite 2207, Lockbox 35<br>Wilmington, DE 19801<br>(302) 573-6491 (Phone)<br>(302) 573-6497 (Fax)<br>benjamin.a.hackman@usdoj.gov |