**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>THE UNIVERSITY OF THE ARTS, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 24-12140 (BLS)<br>(Jointly Administered)<br><br>**Hearing Date:  November 13, 2024 at 10:00 a.m. (ET)**<br>**Objection Deadline: November 4, 2024 at 4:00 p.m. (ET)** |

**MOTION OF THE CHAPTER 7 TRUSTEE FOR AUTHORITY TO**
**ESTABLISH CERTAIN PROCEDURES FOR THE SALE OF DE MINIMIS ASSETS**
**PURSUANT TO SECTIONS 105(a) AND 363 OF THE**
**BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 6004**

Alfred T. Giuliano, the chapter 7 trustee (the "**Trustee**") of the estates of the above-captioned debtors (collectively, the "**Debtors**"), submits this motion (the "**Motion**"), pursuant to sections 105(a) and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "**Bankruptcy Code**") and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") for entry of an order, substantially in the form attached hereto as (the "**Proposed Order**") authorizing the Trustee to (i) implement the De Minimis Sale Procedures (as defined below) and (ii) consummate sales and transfers of the De Minimis Assets (as defined below) free and clear of any liens, claims, or encumbrances ("**Liens**"), without further notice or order from the Court.  In support of the Motion, the Trustee respectfully states as follows:

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, where applicable are: The University of the Arts (9911); and U of Arts Finance, LLC (9911).

**JURISDICTION**

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.[2] Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004.

**BACKGROUND**

3. On September 13, 2024 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

4. On or about September 16, 2024, Alfred T. Giuliano was appointed as Chapter 7 Trustee. The Debtors' section 341 meeting of creditors has been concluded.

5. The Debtors' chapter 7 cases are being jointly administered under *The University of the Arts*, 24-12140 (BLS), pursuant to an order entered on September 18, 2024 [Docket No. 16].

6. Prior to the Petition Date, Debtor The University of the Arts ("**UArts**") was a Pennsylvania nonprofit corporation serving as an institute of higher learning focusing on the arts. The Debtors own several real properties in Philadelphia, Pennsylvania, and have assets at various locations.

---

[2] Pursuant to Local Rule 9013-1(f), the Trustee hereby confirms his consent to entry of a final order by the Court in connection with this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4860-5350-7567, v. 2

**DE MINIMIS ASSETS**

7. In order to minimize administrative costs and to enable the Trustee the flexibility to maximize the value of the Debtors' estates (the "**Estates**"), the Trustee has identified a pool of *de minimis* assets (the "**De Minimis Assets**") which he believes can be quickly and efficiently liquidated for the benefit of the Estates.

8. The De Minimis Assets include but are not limited to certain furniture, fixtures, equipment, books, artwork, computers, motor vehicles, and musical instruments. The Trustee believes that there is a limited pool of buyers that may have an interest in purchasing the De Minimis Assets.

9. The Trustee further believes that obtaining Court approval of each individual disposition of a De Minimis Asset would be administratively burdensome to the Court, costly to the Estates, and would significantly hinder the Trustee's ability to access necessary liquidity. Indeed, the cost and delay associated with seeking individual Court approval for each disposition could eliminate or substantially undermine the economic benefit to the Estates realized from the sale of De Minimis Assets.

10. The Trustee is mindful of his duty to maximize the value of the estates and is working to obtain the highest consideration for the De Minimis Assets under the circumstances.

11. To alleviate the cost and delay of having to file a separate motion for each proposed disposition, the Trustee seeks approval of the sale procedures (the "**De Minimis Sale Procedures**") described herein. These De Minimis Sale Procedures are intended to streamline the sale of particular assets falling within certain specified economic parameters. The Trustee proposes to utilize the De Minimis Sale Procedures to obtain more expeditious and cost-effective review by interested parties of certain dispositions involving De Minimis Assets.

4860-5350-7567, v. 2

## DE MINIMIS SALE PROCEDURES

12. The Trustee proposes that the De Minimis Sale Procedures only apply to the sale of De Minimis Assets involving, in each case, the transfer of $200,000 or less in total consideration for such asset, as measured by the amount of cash received by the Trustee on account of the assets being sold (each a "**De Minimis Sale**"). Pursuant to the De Minimis Sale Procedures, if the Trustee sells assets that are encumbered by Liens, such Liens will attach to the proceeds of the sale with the same validity, extent and priority such Lien had immediately prior to the sale of the De Minimis Assets, subject to any rights and defenses of the Trustee and the Estates with respect thereto.

13. The Trustee proposes to sell each of the De Minimis Assets for the highest and best offer received, taking into consideration the exigencies and circumstances, without further Court approval,[3] subject to the following proposed De Minimis Sale Procedures:

(a) The Trustee will file a notice of any proposed De Minimis Sale (a "**Sale Notice**") with the Court and serve the Sale Notice by electronic mail, facsimile, overnight courier, or hand delivery on the following parties: (a) the Office of the United States Trustee; (b) counsel for the prepetition secured lenders; and (c) any known affected creditor asserting a Lien on any De Minimis Assets subject to the sale (collectively, the "**Notice Parties**"). Solely to the extent the Trustee is reasonably able to identify three or more potential bidders for a De Minimis Asset, he will solicit at least three bids for such De Minimis Asset prior to filing a Sale Notice. The Trustee will share the details of any proposed De Minimis Sale to counsel for the Lender in advance of filing a Sale Notice.

(b) The Notice Parties will have three (3) business days after service of a Sale Notice to file and serve any objections to a De Minimis Sale (the "**Notice Period**"). Any objections to a De Minimis Sale (each, an "**Objection**") must: (a) be in writing; (b) set forth the name of the objecting party; (c) provide the basis for the objection and the specific grounds therefor; (d) be filed with the Court; and

---

[3] Notwithstanding the foregoing, the Trustee may seek entry of an order approving a De Minimis Sale under certification of counsel, if the Trustee, in his sole discretion, deems it to be necessary or desirable to effectuate any sale.

(e) be served on the Notice Parties and on Chipman Brown Cicero & Cole, LLP, Hercules Plaza, 1313 North Market Street, Suite 5400, Wilmington, Delaware 19801 (Attn: David W. Carickhoff, Esquire.) as counsel to the Trustee (collectively, the "**Objection Parties**"), so as to be received by all such parties on or before 4:00 p.m. (*Prevailing* Eastern Time) on the last day of the Notice Period.

(c) If no written Objection from any of the Notice Parties is received by the Trustee within three (3) business days after the date of the service of such Sale Notice, then the Trustee is authorized to immediately consummate such sale.

(d) If an Objection to a De Minimis Sale is properly filed and served then the De Minimis Asset(s) subject to the Objection shall only be sold upon either the consensual resolution of the objection by the parties in question or further order of the Court. If no resolution to the objection is reached, the Trustee will then schedule a hearing to consider the proposed sale of any De Minimis Assets subject to the Objection.

(e) The Trustee will provide a quarterly written report to the Court, the Notice Parties and those parties requesting notice pursuant to Bankruptcy Rule 2002, beginning with the quarter ending after approval of the De Minimis Sale Procedures and each quarter thereafter, no later than twenty (20) days after the end of each such quarter, concerning any such sales made during the preceding quarter pursuant hereto, including the names of the purchasing parties and the types and amounts of the sales.

14. The Sale Notice will include the following information with respect to the proposed De Minimis Sale:

(a) A description of the asset proposed to be sold and its location;

(b) The identity of the purchaser under the De Minimis Sale and any relationship such party has with the Debtors;

(c) The identities of any parties known to the Trustee as holding Liens on the asset subject to the De Minimis Sale;

(d) The material economic terms and conditions of the De Minimis Sale;[4] and

(e) Instructions regarding the procedures to assert an Objection to the De Minimis Sale.

15. The Trustee may consummate a De Minimis Sale prior to expiration of the Notice Period if he obtains written consent to such De Minimis Sale from each Notice Party.

16. All buyers will take assets sold by the Trustee pursuant to the De Minimis Sale Procedures "as is" and "where is," without any representations or warranties from the Trustee as to the quality or fitness of such assets for either their intended purpose or any particular purpose.

## RELIEF REQUESTED

17. By this Motion, pursuant to sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004, the Trustee seeks entry of the Proposed Order authorizing the Trustee to (i) implement the De Minimis Sale Procedures and (ii) consummate sales of De Minimis Assets free and clear of all Liens without the need for further Court approval.

## BASIS FOR RELIEF REQUESTED

18. This Court should grant the relief requested and approve the proposed Procedures because they: (a) constitute an exercise of the Trustee's sound business judgment; (b) satisfy the notice and hearing requirements of sections 363(b)(1) of the Bankruptcy Code; and (c) satisfy the requirements of section 363(f) and, therefore, allow the Trustee to sell property free and clear of any Liens.

---

[4] This information may be provided by attaching the applicable contract or contracts to the Sale Notice.

A.  **The Proposed De Minimis Sale Procedures Are an Exercise of the Trustee's Sound Business Judgment**

19. Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that "the trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Section 105 of the Bankruptcy Code provides, in relevant part, that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

20. Relevant case law provides that the decision to use and sell property of the estate outside the ordinary course of business is entrusted to the business judgment of the Trustee. *See, e.g.*, *Myers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996) (citing *Fulton State Bank v. Schipper (In re Schipper)*, 933 F.2d 513, 515 (7th Cir. 1991)); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983) (holding that to obtain court approval to sell property under section 363(b), a court must find there is a "sound business reason" for the proposed action); *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999) (affirming decision permitting debtor to sell assets where sound business reasons supported the sale); *In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 176 (D. Del. 1991) (same).

21. The Trustee submits that the sale of De Minimis Assets upon the terms set forth herein is both an exercise of sound business judgment and in the best interests of the Estates and their creditors. Disposing of De Minimis Assets in the manner proposed herein is the most efficient and cost-effective means of maximizing the value to be realized, while allowing the Trustee timely access to the liquidity necessary to maintain and preserve estate assets. Obtaining Court approval for each De Minimis Asset Sale would result in unnecessary administrative costs attendant to drafting, serving, and filing pleadings, as well as time incurred by attorneys for Court appearances, which could drastically reduce the ultimate net value of these assets. The

proceeds generated by many of the aforementioned sales transactions do not warrant the incurrence of such expenses. The Trustee and his advisors have significant experience with these types of sales and will attempt to obtain the highest price possible for the De Minimis Assets under the circumstances.

22. In light of the size of the Estates, the proposed sale price limitations are relatively modest and appropriate. Moreover, the Estates are further protected by the opportunity for the Notice Parties to review and object to De Minimis Sales.

**B.  The Proposed De Minimis Sale Procedures Satisfy Notice and Hearing Requirements Under Section 363(b)(1)**

23. The notice and hearing requirements contained in section 363(b)(1) are satisfied if appropriate notice and an opportunity for a hearing are given in light of the particular circumstances of a proposed sale.[5] Such sales may be authorized without an actual hearing, however, if no party in interest timely requests such a hearing. *See* 11 U.S.C. § 102(1)(B)(i) (notwithstanding the statutory requirement for "notice and a hearing," the Bankruptcy Code "authorizes an act without an actual hearing if such notice is given properly and if such a hearing is not requested timely by a party in interest").

24. Furthermore, Bankruptcy Rules 2002(a)(2) and 2002(i) require that a minimum of twenty-one (21) days' notice of proposed sales of property outside the ordinary course of business be provided by mail to "the debtor, the trustee, all creditors and indenture trustees" and any committee appointed under section 1102 of the Bankruptcy Code, unless a trustee shows "cause." *See* Fed. R. Bankr. P. 2002(a)(2) and (i).

---

[5] *See* 11 U.S.C. § 102(1)(A) (defining "after notice and a hearing" to mean such notice and opportunity for a hearing "as [are] appropriate in the particular circumstances").

25. The Trustee believes that the proposed De Minimis Sale Procedures comport with the hearing requirements of the Bankruptcy Code, as well as due process, by providing the Notice Parties with an opportunity to present Objections on each proposed De Minimis Sale and then holding a hearing with respect to the proposed De Minimis Sale and related Objection. Under the De Minimis Sale Procedures, a De Minimis Sale may be approved without a hearing only if no Notice Party has filed an Objection with respect thereto. Furthermore, under the De Minimis Sale Procedures, any known holder of a Lien on any De Minimis Asset proposed to be sold will also receive adequate notice and an opportunity to object to such sale.

26. Based on the foregoing, the Trustee submits that sufficient cause exists to implement the De Minimis Sale Procedures proposed herein and that such procedures will improve the efficiency of the sale process for De Minimis Assets and maximize the value of the assets to the Estates.

**C.    The Proposed De Minimis Sale Procedures Satisfy the Requirements of Section 363(f) and Allow the Trustee to Sell Property Free and Clear**

27. Pursuant to section 363(f) of the Bankruptcy Code, a trustee may sell property under Bankruptcy Code section 363(b) free and clear of any liens, claims, encumbrances, and other interests of an entity other than the estate if one of the following conditions is satisfied:

(a) applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(b) such entity consents;

(c) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(d) such interest is in bona fide dispute; or

(e) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

4860-5350-7567, v. 2

11 U.S.C. § 363(f). Because section 363(f) is stated in the disjunctive, when selling property of the estate, it is only necessary to meet one of the five conditions listed in that section. *See Folger Adam Sec. Inc. v. De Matteis/MacGregor*, *JV*, 209 F.3d 252, 257 (3d Cir. 2000) (noting that a debtor is authorized to sell property free and clear of "any interest" if any one of the five prescribed conditions under section 363(f) is met); *In re Kellstrom Indus., Inc.*, 282 B.R. 787, 793 (Bankr. D. Del. 2002) ("Section 363(f) is written in the disjunctive, not the conjunctive, and if any of the five conditions are met, the debtor has the authority to conduct the sale free and clear of all liens.") (citing *Citicorp Homeowners Servs., Inc. v. Elliot (In re Elliot)*, 94 B.R. 343, 345 (E.D. Pa. 1988)); *In re DVI, Inc.*, 306 B.R. 496, 504 (Bankr. D. Del. 2004) (approving sale free and clear of interests where debtors met only the conditions of 363(f)(4)).

28. The Trustee submits that the De Minimis Sale Procedures satisfy the requirements of section 363(f) of the Bankruptcy Code. To the extent that there are any creditors with known Liens on the De Minimis Assets, the Trustee will provide such creditors with a Sale Notice prior to the disposition of the applicable De Minimis Asset as provided in the De Minimis Sale Procedures above. Absent an objection to any particular sale pursuant to the De Minimis Sale Procedures, a holder of a Lien shall be deemed to consent to the proposed sale of the De Minimis Asset, and such asset may be sold free and clear of the holder's Lien with such Lien attaching to any proceeds of the sale with the same validity, extent and priority such Lien had immediately prior to the sale of the De Minimis Assets, subject to any rights and defenses of the Trustee and the estates with respect thereto.

29. Based on the foregoing, the Trustee submits that the relief requested is in the best interest of the Estates.

**WAIVER OF BANKRUPTCY RULES 6004(h)**

30. To implement the requested relief successfully, the Trustee seeks a waiver of the fourteen (14) day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h) for all De Minimis Sales. As set forth above, the De Minimis Sale Procedures are designed to allow the Trustee to obtain the highest or otherwise best offers for the De Minimis Assets in the time frame necessary to ensure that there is funding sufficient to properly preserve and maximize the value of the Estates. Absent a waiver of the 14-day stay, De Minimis Sales will be delayed to the detriment of the Estates.

**NOTICE**

31. Notice of this Motion has been provided to:(a) the Office of the United States Trustee; (b) counsel for the Lender; and (c) all parties that have requested notice in these cases pursuant to Bankruptcy Rule 2002. The Trustee respectfully submits that such notice is sufficient under the circumstances.

**NO PRIOR REQUEST**

32. No prior motion for the relief requested herein has been made to this or any other court.

4860-5350-7567, v. 2

WHEREFORE, the Trustee respectfully requests that the Court (a) enter the Proposed Order, granting the relief requested herein and (b) grant such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| Dated:  October 21, 2024<br>　　　　Wilmington, Delaware | **CHIPMAN BROWN CICERO & COLE, LLP**<br><br>*/s/ David W. Carickhoff*<br>David W. Carickhoff (No. 3715)<br>Alan M. Root (No. 5427)<br>Hercules Plaza<br>1313 North Market Street, Suite 5400<br>Wilmington, Delaware 19801<br>Telephone: (302) 295-0192<br>Email:  carickhoff@chipmanbrown.com<br>　　　　root@chipmanbrown.com<br><br>*Counsel for the Chapter 7 Trustee* |