# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| The University of the Arts, *et al.*,[1] | Case No. 24-12140 (BLS) |
| Debtors. | (Jointly Administered) |
| | Re: Dkt. No. 119 |

## ORDER APPROVING CERTAIN EXPENSE REIMBURSEMENTS, STALKING HORSE PROCEDURES, AND OTHER GENERAL BID PROCEDURES IN CONNECTION WITH THE SALE OF THE DEBTORS' REAL ESTATE AND GRANTING RELATED RELIEF

Upon the Motion (the "**Motion**")[2] of Alfred T. Giuliano, the chapter 7 trustee (the "**Trustee**") of the bankruptcy estates of the above-captioned debtors (collectively, the "**Debtors**"), pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") for entry of an order, *inter alia*, (i) approving certain expense reimbursements, Stalking Horse Procedures, and other general bid procedures (the "**Bid Procedures**")[3] by which the Trustee will solicit and select the highest or otherwise best offer(s) for the Real Property; and (ii) granting related relief; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this matter constitutes a core proceeding pursuant to 28 U.S.C. §§

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, where applicable, are: The University of the Arts (9911); and U of Arts Finance LLC (9911).

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

[3] A copy of the Bid Procedures is annexed hereto as **Exhibit 1**.

- 2 -

157(b)(2); and this Court having found that venue of these proceedings and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and no other or further notice hereof being necessary or required; and the Court having found that the Trustee has articulated good and sufficient reasons in support of the relief requested in the Motion regarding the Sale process, including without limitation, approval of the Bid Procedures; and it appearing to the Court that, based upon the representations contained in the Motion, the issuance of this Order is in the best interest of the Estates and creditors; and after due deliberation and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1     The Motion is GRANTED.

2     All objections to the Motion (and all reservations of rights included therein) are overruled to the extent they have not been withdrawn, waived or otherwise resolved.

3     The Bid Procedures attached hereto as **Exhibit 1** are approved. The process for soliciting Bids set forth in the Bid Procedures (i) is designed to maximize the value to be achieved for the Real Property; (ii) will ensure a competitive and efficient bidding process; and (iii) is fair and reasonable under the circumstances. The Bid Procedures shall govern the submission, receipt and analysis of all Bids for any of the Real Property and any party desiring to submit a Bid shall do so strictly in accordance with the terms of the Bid Procedures and this Order.

4     The Trustee, in his business judgment and after consultation with the Consultation Parties, may modify the Bid Procedures in any way that he deems appropriate as to any or all of the Real Property. Any such modifications will be communicated to the potential bidders.

5     <u>Bid Procedures Notice</u>. A copy of this Order and the Bid Procedures shall be served within two (2) business days following the entry of this Order or as soon as reasonably practicable

thereafter, via e-mail, first class mail postage pre-paid, or, for those parties who have consented to receive notice by the Electronic Case Files ("**ECF**") system, by ECF, upon (i) all entities reasonably known to have expressed an interest in a transaction with respect to all or part of the Real Property; (ii) all entities known to have asserted any lien, claim, interest, or encumbrance in or upon any of the Acquired Assets; (iii) the Office of the United States Trustee for the District of Delaware; (iv) the Pennsylvania Attorney General's Office; and (v) any other party entitled to notice pursuant to Bankruptcy Rule 2002. To the extent email addresses are available, such parties may be served by email.

6  The Trustee is authorized to provide a Due Diligence Reimbursement pursuant to the terms and conditions as set forth in the Motion.

7  The Trustee may, as he deems necessary or appropriate, and after consulting with his advisors, the Prepetition Secured Creditors, and their advisors, enter into one or more asset purchase agreements with one or more "stalking horse" bidders that the Trustee designates to serve as such (each such agreement, a "**Stalking Horse Agreement**" and, each such bidder, a "**Stalking Horse Bidder**" and, the bid of any such Stalking Horse Bidder, a "**Stalking Horse Bid**"). The Trustee also may determine, in consultation with his advisors, the Prepetition Secured Creditors, and their advisors, to provide certain bidding protections to designated Stalking Horse Bidders, including a "break-up" fee and an expense reimbursement (together, a "**Termination Payment**"), in each case, in accordance with the terms of the applicable Stalking Horse Agreement. The following Stalking Horse Procedures are hereby approved:

    a.    <u>Stalking Horse Notice</u>. Within two business days after executing a Stalking Horse Agreement, the Trustee will file with the Court, serve on the Stalking Horse Notice Parties, a notice setting forth the material terms of the proposed Stalking Horse Agreement, including (a) the identity of the Stalking Horse Bidder (and if the Stalking Horse Bidder is a newly-formed entity, then the Stalking Horse Bidder's parent company or sponsor); (b) the specific Real Property subject to the

Stalking Horse Bid; (c) the amount of the Stalking Horse Bid and what portion is cash (the "**Stalking Horse Bid Amount**"); (d) the terms and conditions of any Termination Payment to be provided under the Stalking Horse Agreement; and (e) the deadline to object to the Stalking Horse Bidder designation and any relevant Termination Payment (each such notice, a "**Stalking Horse Notice**").

b.     Stalking Horse Objections.  Any objection to the designation of a Stalking Horse Bidder or provision of a Termination Payment thereto, in accordance with these Stalking Horse Procedures (each such objection, a "**Stalking Horse Objection**") must (a) be in writing and state, with specificity, the legal and factual bases thereof and include any appropriate documentation in support thereof; and (b) be filed with the Court and served on the applicable Objection Notice Parties (as defined below) within three calendar days after service of the applicable Stalking Horse Notice.  If the parties are unable to consensually resolve a Stalking Horse Objection, such Stalking Horse Objection will be heard and resolved by the Court at the Stalking Horse Hearing (defined below).  The "**Objection Notice Parties**" are the following: (i) the Chapter 7 Trustee, Alfred T. Giuliano, 2301 East Evesham Road, Pavilion 800, Suite 210, Vorhees, New Jersey 08043 (atgiuliano@giulianomiller.com); (ii) counsel for the Chapter 7 Trustee, Chipman Brown Cicero & Cole, LLP, 1313 North Market Street, Suite 5400, Wilmington, Delaware 19801 (Attn: David W. Carickhoff (carickhoff@chipmanbrown.com) and Alan M. Root (root@chipmanbrown.com); (iii) counsel to the Bridge Noteholder Representative, Bridge Notes Collateral Agent, Bond Trustee, Bonds/TD Collateral Agent, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Amy Caton (acaton@kramerlevin.com) and Douglas Buckley (dbuckley@kramerlevin.com), Klehr Harrison Harvey Branzburg LLP, 919 North Market Street, Suite 1000, Wilmington, Delaware (Attn: Domenic E. Pacitti (dpacitti@klehr.com) and 1835 Market Street, Suite 1400, Philadelphia Pennsylvania 19103 (Attn: Morton R. Branzburg (mbranzburg@klehr.com); (iv) counsel to TD Bank, N.A., Ballard Spahr, LLP, 919 North Market Street, 11th Floor, Wilmington, Delaware 19801-3034 (Attn: Nicholas J. Brannick (brannickn@ballardspahr.com) and 1735 Market Street, 51st Floor, Philadelphia, Pennsylvania 19103 (Attn: Diane E. Vuocolo (vuocolod@ballardspahr.com); and (v) if applicable, counsel for any relevant Stalking Horse Bidder.

c.     Stalking Horse Hearing.  Provided a timely Stalking Horse Objection has been filed and has not been consensually resolved, the Trustee will request that the Court schedule a hearing (the "**Stalking Horse Hearing**") to be held, at the Court's earliest availability, to consider approval of any applicable Stalking Horse Agreement(s) and the provision of any Termination Payment to be provided thereunder.

d.     Failure to File a Timely Stalking Horse Objection.  If no timely Stalking Horse Objection is filed and served in accordance with these Stalking Horse Procedures, the Trustee may file, upon certification of counsel and after consulting with the Consultation Parties, a proposed order authorizing and approving the

- 4 -

Trustee's selection of the Stalking Horse Bidder, entry into the applicable Stalking Horse Agreement and the provision of a Termination Payment thereunder in lieu of holding a Stalking Horse Hearing.

8       The Trustee is authorized to execute and deliver all instruments and documents and take such other action as may be necessary or appropriate to implement and effectuate the transactions contemplated by this Order.

9       Notwithstanding anything herein or in the Bid Procedures to the contrary, the Trustee, after consulting with the Consultation Parties, may proceed with a private sale for any parcel of Real Property at any time. Approval of any such sale shall be sought by motion and shall be subject to notice and a hearing.

10      To the extent there is any inconsistency between the terms of this Order and the Bid Procedures, the terms of this Order shall control.

11      Notwithstanding any applicability of Rule 6004(h) of the Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

12      This Court retains jurisdiction with respect to all matters, claims, rights or disputes arising from, based upon or related to this Order.

Dated: December 20th, 2024
Wilmington, Delaware

**BRENDAN L. SHANNON**
**UNITED STATES BANKRUPTCY JUDGE**

4910-7107-7892, v. 2