IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>THE UNIVERSITY OF THE ARTS, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 24-12140 (BLS)<br><br>(Jointly Administered)<br><br>Hearing Date: January 29, 2025, at 11:30 a.m. (ET)<br>Objection Deadline: January 6, 2025, at 4:00 p.m. (ET) |

**MOTION OF THE CHAPTER 7 TRUSTEE FOR ENTRY OF AN ORDER
(I) AUTHORIZING AND APPROVING THE REPOSITORY AGREEMENT
BY AND BETWEEN THE TRUSTEE AND MOORE COLLEGE OF
ART AND DESIGN AND (II) GRANTING OTHER RELATED RELIEF**

Alfred T. Giuliano, the chapter 7 trustee (the "**Trustee**") of the estates of the above-captioned debtors (collectively, the "**Debtors**"), hereby moves this Court (the "**Motion**") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), (i) authorizing and approving the Student Record Repository Agreement (the "**Agreement**") by and between the Trustee and Moore College of Art and Design ("**Moore College**") pursuant to the terms and conditions of the Agreement attached hereto as **Exhibit 1** and (ii) other related relief. In support of this Motion, the Trustee respectfully represents as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over the Chapter 7 Case, the Debtor, property of the Debtor's Estate, and this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). Pursuant to Rule 9013-1(f) of the

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, where applicable, are:  The University of the Arts (9911); and U of Arts Finance (9911).

- 2 -

Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Trustee consents to the entry of a final judgment or order with respect to this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2. Venue of this case in this District is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested are sections 105 and 363 of title 11 of the United States Code (the "**Bankruptcy Code**"). The relief is also appropriate under Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rule 6004-1.

## BACKGROUND

4. On September 13, 2024 (the "**Petition Date**"), the Debtors each filed a voluntary petition under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

5. Alfred T. Giuliano has been appointed as chapter 7 trustee for the Debtors' estates. The Section 341 meeting of creditors was held and concluded.

6. Prior to the Petition Date, Debtor The University of the Arts ("**UArts**") was a Pennsylvania nonprofit corporation serving as an institute of higher learning focusing on the arts.

7. The Trustee and Moore College have been engaged in arms'-length negotiations to come to mutually amenable terms in the Agreement regarding the transition of UArts' student records to Moore College. Moore College has offered to act as a repository of the transcripts and other related academic records of former UArts' students. This will ensure that former UArts' students will always have a way to access their transcripts.

8.  Accordingly, the Trustee seeks approval of the Agreement to authorize him to transfer UArts' student records to Moore College and to have Moore College act as the repository in accordance with the Agreement.

## RELIEF REQUESTED

9.  By this Motion, the Trustee seeks entry of the Proposed Order, pursuant to sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004, (i) authorizing and approving the transfer of student records of UArts to Moore College as set forth in the Agreement and (ii) granting other related relief.

## BASIS FOR RELIEF

**A.  THE TRANSFER IS APPROPRIATE UNDER SECTION 363(b)(1) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 6004(f)(1)**

10.  Section 363(b) of the Bankruptcy Code provides, in relevant part: "The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). This Court's power under section 363 of the Bankruptcy Code is supplemented by section 105(a) of the Bankruptcy Code, which provides in relevant part: "The Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." *Id*. § 105(a).

11.  Courts review a trustee's decision to use, sell, or lease property out of the ordinary course under the business judgment rule. *In re Culp*, 550 B.R. 683, 697 (D. Del. 2015) ("'In determining whether to authorize use, sale or lease of property of the estate under [Section 363], courts require the [Trustee] to show that a sound business purpose justifies such actions.' If the bankruptcy trustee's decision evidences a sound business purpose, then the Bankruptcy Court should approve the [transfer]." (quoting *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999)).

- 3 -

12. The Trustee, in his business judgment, believes that the transfer of records of UArts to Moore College is in the best interests of all parties. Approving the Agreement allows UArts to reduce costs by not having to store, maintain, and retrieve records when former UArts students request their records. Further, the repository of student records is of no value to the Estates, but it is crucial for former UArts students to have the ability to obtain their academic records from a trusted institution. Additionally, approving the Agreement allows former UArts students to have access to their records as well as provides them assurances that their records will be maintained and stored properly.

13. Moore College has graciously volunteered to take over the records of former UArts students to enable those former UArts students to obtain their transcripts and related academic documents. Moore College has the expertise necessary to handle, copy, store, and make transcripts available to former UArts students and other third parties.

B. **WAIVER OF BANKRUPTCY RULE 6004(h)**

14. Pursuant to Bankruptcy Rule 6004(h), unless the Court orders otherwise, all orders authorizing the sale, use or lease of property pursuant to section 363 of the Bankruptcy Code are automatically stayed for fourteen days after entry of the order. See Fed. R. Bankr. P. 6004(h).

15. The Trustee respectfully requests that the Court waive the fourteen (14) day stay period under Bankruptcy Rule 6004(h). Timely consummation of the proposed transfer is of critical importance to both the Trustee and Moore College and is vital to the Trustee's efforts to avoid unnecessary ongoing administrative expenses. Accordingly, the Trustee hereby requests that the Court waive the fourteen (14) day stay period under Bankruptcy Rule 6004(h).

**NOTICE AND NO PRIOR REQUEST**

16. Notice of this Motion will be provided to (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to Moore College; (iii) the Pennsylvania Attorney General's Office; and (iv) any party that has requested notice in this case pursuant to Bankruptcy Rule 2002. In light of the nature of the relief herein, the Trustee respectfully submits that no further notice of this Motion is required.

**WHEREFORE**, the Trustee respectfully requests that this Court (i) enter the Proposed Order, substantially in the form of attached hereto as **Exhibit A**, granting the relief requested in this Motion, and (ii) grant such other and further relief as this Court may deem just and proper.

Dated: December 23, 2024
Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**

/s/ David W. Carickhoff
David W. Carickhoff (No. 3715)
Alan M. Root (No. 5427)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone: (302) 295-0192
Email:  carickhoff@chipmanbrown.com
        root@chipmanbrown.com

*Counsel for the Chapter 7 Trustee*