# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| The University of the Arts, *et al.*,[1] | Case No. 24-12140 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline: January 13, 2025**<br>**Hearing Date: TBD, only if timely objection filed** |

## NOTICE OF STALKING HORSE AGREEMENT AND
## PROPOSED BREAK-UP FEE PROTECTIONS ("STALKING HORSE NOTICE")

**PLEASE TAKE NOTICE THAT** on December 20, 2024, the United States Bankruptcy Court for the District of Delaware (the "**Court**") entered the *Order Approving Certain Expense Reimbursements, Stalking Horse Procedures, and Other General Bid Procedures in Connection with the Sale of the Debtors' Real Estate and Granting Related Relief* [D.I. 125] (the "**Bid Procedures Order**").[2] Pursuant to the Bid Procedures Order, the Court approved Stalking Horse Procedures, pursuant to which Alfred T. Giuliano, the chapter 7 trustee (the "**Trustee**") of the bankruptcy estates of the above-captioned debtors (the "**Debtors**"), can obtain approval of certain Stalking Horse Bidder protections, including a "break-up" fee and expense reimbursement.

Consistent with the Stalking Horse Procedures approved in the Bid Procedures Order, the Trustee hereby provides this **Stalking Horse Notice**:

1. The Trustee has entered into an Asset Purchase Agreement (the "**APA**")[3] with Lantern Theater Company (the "**Stalking Horse Bidder**") in connection with sale of the property located at 601 S. Broad Street, Philadelphia, PA ("**Arts Bank Building**").
2. The Stalking Horse Bidder has agreed to a purchase price of $1,760,000.00 for the property (the "**Purchase Price**"), which amount is payable in cash at closing.
3. Under the APA, the Stalking Horse Bidder protections include the reimbursement of reasonable documented expenses in an amount not to exceed $50,000, (the

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, where applicable, are: The University of the Arts (9911); and U of Arts Finance LLC (9911).

[2] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Bid Procedures Order.

[3] A copy of the APA and Sale Motion can be obtained by contacting the undersigned counsel.

"**Termination Payment**").  Consistent with the Bid Procedures Order, the Termination Payment shall only be paid in the event that the Trustee closes on a Competing Transaction, and such Termination Payment shall be paid solely from the proceeds of such Competing Transaction.

**PLEASE TAKE FURTHER NOTICE** that any objection to the designation of the Stalking Horse Bidder or provision of the Termination Payment, in accordance with the Stalking Horse Procedures (each such objection, a "**Stalking Horse Objection**") must (a) be in writing and state, with specificity, the legal and factual bases thereof and include any appropriate documentation in support thereof; and (b) be filed with the Court and served on the applicable Objection Notice Parties (as defined below) on or before **4:00 p.m. (ET) on January 13, 2025**.

**PLEASE TAKE FURTHER NOTICE** that the "**Objection Notice Parties**" are the following: (i) the Chapter 7 Trustee, Alfred T. Giuliano, 2301 East Evesham Road, Pavilion 800, Suite 210, Vorhees, New Jersey 08043 (atgiuliano@giulianomiller.com); (ii) counsel for the Chapter 7 Trustee, Chipman Brown Cicero & Cole, LLP, 1313 North Market Street, Suite 5400, Wilmington, Delaware 19801 (Attn: David W. Carickhoff (carickhoff@chipmanbrown.com) and Alan M. Root (root@chipmanbrown.com); (iii) counsel to the Bridge Noteholder Representative, Bridge Notes Collateral Agent, Bond Trustee, Bonds/TD Collateral Agent, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Amy Caton - acaton@kramerlevin.com and Douglas Buckley - dbuckley@kramerlevin.com), Klehr Harrison Harvey Branzburg LLP, 919 North Market Street, Suite 1000, Wilmington, Delaware (Attn: Domenic E. Pacitti - dpacitti@klehr.com) and 1835 Market Street, Suite 1400, Philadelphia Pennsylvania 19103 (Attn: Morton R. Branzburg - mbranzburg@klehr.com); (iv) counsel to TD Bank, N.A., Ballard Spahr, LLP, 919 North Market Street, 11th Floor, Wilmington, Delaware 19801-3034 (Attn: Nicholas J. Brannick - brannickn@ballardspahr.com) and 1735 Market Street, 51st Floor, Philadelphia, Pennsylvania 19103 (Attn: Diane E. Vuocolo - vuocolod@ballardspahr.com); and (v) counsel for the Stalking Horse Bidder, McDowell Law, PC, 46 West Main Street, Maple Shade, New Jersey  08052, Attn: Ellen M. McDowell (emcdowell@mcdowelllegal.com).

**PLEASE TAKE FURTHER NOTICE** that if a timely Stalking Horse Objection has been filed and has not been consensually resolved, the Trustee will request that the Court schedule a hearing (the "**Stalking Horse Hearing**") to be held, at the Court's earliest availability, to consider approval of the designation of the Stalking Horse Bidder and the provision of the Termination Payment to be provided.

- 3 -

     **PLEASE TAKE FURTHER NOTICE** that if no timely Stalking Horse Objection is filed and served in accordance with the Stalking Horse Procedures, the Trustee may file, upon certification of counsel, a proposed order authorizing and approving the Trustee's selection of the Stalking Horse Bidder, entry into the applicable Stalking Horse Agreement and the provision of the Termination Payment thereunder in lieu of holding a Stalking Horse Hearing.

Dated: January 9, 2025
       Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**

*/s/ David W. Carickhoff*
David W. Carickhoff (No. 3715)
Alan M. Root (No. 5427)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone: (302) 295-0192
Email:  carickhoff@chipmanbrown.com
          root@chipmanbrown.com

*Counsel for the Chapter 7 Trustee*