# EXHIBIT C

## (Cure Notice)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>The University of the Arts, *et al.*,[1]<br><br>            Debtors. | Chapter 7<br><br>Case No. 24-12140 (BLS)<br>(Jointly Administered)<br><br>**Hearing Date: February 26, 2025 at 10:00 a.m.**<br>**Objection Deadline: February 14, 2025 at 4:00 p.m.** |

**NOTICE OF POTENTIAL ASSUMPTION AND**
**ASSIGNMENT OF CONTRACTS AND/OR LEASES**

      **PLEASE TAKE NOTICE THAT** on January 27, 2025, Alfred T. Giuliano, the chapter 7 trustee (the "**Trustee**") of the bankruptcy estates of the above-captioned debtors, filed the *Motion of Chapter 7 Trustee for Entry of Order (I) Authorizing and Approving the Sale of Certain Real Property and Related Assets Located at 1224-1234 Spruce Street, Philadelphia PA (Spruce Hall) Free and Clear of All Liens, Claims Encumbrances and Other Interests, (II) Authorizing the Assumption and Assignment of the Assumed Lease, and (III) Granting Other Related Relief* (the "**Sale Motion**").[2]

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Sale Motion, the Trustee seeks to sell the premises and related property located at 1224-1234 Spruce Street, Philadelphia PA (Spruce Hall) (the "**Property**") to 1228 Spruce LLC (the "**Buyer**") free and clear of liens, claims, encumbrances and other interests pursuant to sections 363 of the Bankruptcy Code.

      **PLEASE TAKE FURTHER NOTICE** that the Trustee has indicated on Schedule 1 attached hereto the list of Assumed Leases that may be transferred, assumed and assigned to the Buyer along with the cure amounts that the Trustee believes must be paid to cure all defaults (in each instance, the "Cure Amount").

      **PLEASE TAKE FURTHER NOTICE** that any non-Debtor party to an Assumed Lease shall be required to file an objection to the Cure Amount (the "Cure Objection") by **February 14, 2025 at 4:00 p.m. (ET)** (the "Cure Objection Deadline"). Any Cure Objection must (i) be in writing; (ii) conform to the applicable provisions of the Bankruptcy Rules and the Local Rules;

---

[1]   The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, where applicable, are: The University of the Arts (9911); and U of Arts Finance LLC (9911).

[2]   Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Sale Motion.

and (iii) state with specificity what cure the party to the Assumed Lease believes is required with appropriate documentation in support thereof. If no objection is timely received, the Cure Amount set forth in this Notice shall be controlling notwithstanding anything to the contrary in any Assumed Lease or other document as of the date of this Notice. Any Cure Objections not resolved between the parties shall be heard at the hearing on the Sale Motion (the "**Sale Hearing**") before the Honorable Brendan L. Shannon, at the Bankruptcy Court, 824 Market Street, 6th Floor, Court Room 1, Wilmington, Delaware 19801, on **February 26, 2025 at 10:00 a.m. (ET)**, or at such time thereafter as counsel may be heard or at such other time as the Court may determine. The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by filing a notice on the Court's docket for these chapter 7 cases.

**PLEASE TAKE FURTHER NOTICE** that any counterparty to any Assumed Lease who wishes to object to the transfer, assumption and assignment of any Assumed Lease to the Buyer ("Assumption and Assignment Objection"), including any objection based on lack of adequate assurance of future performance, shall file an objection no later than **February 24, 2025 at 4:00 p.m. (ET)**. Any Assumption and Assignment Objection must (i) be in writing; (ii) conform to the applicable provisions of the Bankruptcy Rules and the Local Rules for the United States Bankruptcy Court for the District of Delaware; and (iii) state with specificity the legal and factual basis for such objection, and, if based on lack of adequate assurance of performance of the Assumed Lease, state with specificity the adequate assurance the party to the Assumed Lease believes is required with appropriate documentation in support thereof.

**PLEASE TAKE FURTHER NOTICE** that counterparties to an Assumed Lease may obtain financial and other adequate assurance information regarding the Buyer by contacting counsel to the Buyer, Gabell Beaver LLC, 306 Lansdowne Road, Havertown, PA 19083, Attn: Erik Gabell (egabell@gabellbeaver.com) and Saul Ewing LLP, 1500 Market Street, 38th Floor, Philadelphia, PA 19102, Attn: Jeffrey Hampton (jeffrey.hampton@saul.com) and Monique DiSabatino (monique.disabatino@saul.com).

**PLEASE TAKE FURTHER NOTICE** that any Cure Objection or Assumption and Assignment Objection shall be filed with the Clerk of the Court and served via e-mail on: (1) the Trustee, Alfred T. Giuliano (atgiuliano@giulianomiller.com ); (2) counsel to the Trustee, Chipman Brown Cicero & Cole, LLP, 1313 North Market Street, Suite 5400, Wilmington, Delaware 19801, Attn: David W. Carickhoff (carickhoff@chipmanbrown.com) and Alan M. Root (root@chipmanbrown.com); and (3) counsel to the Buyer, Gabell Beaver LLC, 306 Lansdowne Road, Havertown, PA 19083, Attn: Erik Gabell (egabell@gabellbeaver.com) and Saul Ewing LLP, 1500 Market Street, 38th Floor, Philadelphia, PA 19102, Attn: Jeffrey Hampton (jeffrey.hampton@saul.com) and Monique DiSabatino (monique.disabatino@saul.com). Service via e-mail is acceptable.

**PLEASE TAKE FURTHER NOTICE** that any counterparty to any Assumed Lease who does not file a Cure Objection by the Cure Objection Deadline, shall be barred and estopped from objecting to the Cure Amount or asserting or claiming any Cure Amount (other than the Cure Amount listed on this Notice) against the Trustee, the Debtor's estate or the Buyer.

**PLEASE TAKE FURTHER NOTICE** that any counterparty to an Assumed Lease who does not timely file an Assumption and Assignment Objection shall be deemed to have consented to the transfer, assumption and assignment of its Assumed Lease to the Buyer and will be forever barred and estopped from objecting to such transfer, assumption and assignment on account of the Cure Amount, lack of adequate assurance or any other grounds.

**PLEASE TAKE FURTHER NOTICE** that this Notice of Potential Assumption and Assignment of Contracts and/or Leases is subject to the full terms and conditions of the Sale Motion, Bidding Procedures Order, Bidding Procedures, and Sale Order which shall control in the event of any conflict and the Trustee encourages parties in interest to review such documents in their entirety. A copy of such documents may be obtained from the undersigned counsel.

| | |
|---|---|
| Dated: January 27, 2025<br>Wilmington, Delaware | **CHIPMAN BROWN CICERO & COLE, LLP**<br><br>*/s/ David W. Carickhoff*<br>David W. Carickhoff (No. 3715)<br>Alan M. Root (No. 5427)<br>Hercules Plaza<br>1313 North Market Street, Suite 5400<br>Wilmington, Delaware 19801<br>Telephone: (302) 295-0191<br>Email:   carickhoff@chipmanbrown.com<br>             root@chipmanbrown.com<br><br>*Counsel for the Chapter 7 Trustee* |

# SCHEDULE 1

## Assumed Lease[1]

| Title/Description of Contract | Contract Counterparties | Cure Amount |
|---|---|---|
| Lease Agreement between The University of the Arts, as Landlord and Jay's Deli, Inc., as Tenant, dated August 1, 2011, as amended by that First Amendment to Lease, dated March _, 2022. | Jay's Deli, Inc.<br>Attn: Jongmi Choi<br>1228 Spruce Street<br>Philadelphia, PA 19102<br>-and-<br>Shaw & Roseman, P.C.<br>Attn: Andrew Shaw<br>1831 Chestnut Street, Suite 802<br>Philadelphia, PA 19103 | $0.00 |

---

[1] Each Assumed Lease on this Schedule shall be interpreted to include all amendments, supplements, and modifications thereto.