## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| THE UNIVERSITY OF THE ARTS, *et al.*,[1] | Case No. 24-12140 (BLS) |
| Debtors. | (Jointly Administered) |

## NOTICE OF PROPOSED SALE OF DE MINIMIS
## ASSETS PURSUANT TO DE MINIMIS SALE PROCEDURES

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

Alfred T. Giuliano, the duly appointed chapter 7 trustee (the "**Trustee**") of the estates of the above-captioned debtors (the "**Debtors**"), pursuant to the *Order Establishing Certain Procedures for the Sale of De Minimis Assets Pursuant to Sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004* [Docket No. 84] (the "**Sale Procedures Order**"), proposes to sell certain *de minimis* assets (the "**Assets**") to the Woodmere Art Museum (the "**Purchaser**"). This Notice is being provided in accordance with and sets forth the information required under the Sale Procedures Order.[2]

Description of the Assets. The Assets consist of various furniture, equipment, and artwork more specifically set forth on **Exhibit A** attached hereto.

Relationship of Purchaser to the Debtors. The Purchaser's relationship, if any, with the Debtors is as follows: None.

Relationship of Purchaser to the Trustee. The Purchaser's relationship, if any, with the Trustee is as follows: None.

Liens and Encumbrances on the Assets. Other than possibly the Pre-Petition Secured Lenders, the Debtors are aware of the following liens and/or encumbrances on the Assets: None. All such liens, claims and encumbrances shall attach to the proceeds of the sale with the same validity, extent and priority such lien had immediately prior to the sale of the Assets, subject to any rights and defenses of the Trustee and/or the estates with respect thereto.

---

[1]  The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, where applicable, are:  The University of the Arts (9911); and U of Arts Finance, LLC (9911).

[2]  Any capitalized term not defined herein has the meaning assigned to it in the Sale Procedures Order.

      <u>Material Economic Terms and Conditions of the Proposed De Minimis Sale</u>. The Trustee proposes to sell the Assets to Purchaser on an "as is" and "where is" basis, free and clear of all liens, claims or encumbrances therein, pursuant to section 363(f) of the Bankruptcy Code, on the terms more fully set forth in Purchase Agreement (the "**De Minimis Sale**"). The Purchaser has agreed to pay a purchase price of $28,089.00 for the Assets.

      <u>Procedures to Object to the Proposed De Minimis Sale</u>. Any objection to the proposed De Minimis Sale (an "**Objection**") must: (a) be in writing; (b) set forth the name of the objecting party; (c) provide the basis for the objection and the specific grounds therefor; (d) be filed with the Bankruptcy Court; and (e) be served on: (i) counsel to the Trustee, Chipman Brown Cicero & Cole, LLP, 1313 North Market Street, Suite 5400, Wilmington, Delaware 19801, Attn: David W. Carickhoff (carickhoff@chipmanbrown.com); (b) counsel to the Bridge Noteholder Representative, Bridge Notes Collateral Agent, Bond Trustee, Bonds/TD Collateral Agent, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, Attn: Amy Caton (ACaton@kramerlevin.com) and Douglas Buckley (DBuckley@kramerlevin.com) and Klehr Harrison Harvey Branzburg LLP, 919 North Market Street, Suite 1000, Wilmington, Delaware, Attn: Domenic E. Pacitti (dpacitti@klehr.com) and 1835 Market Street, Suite 1400, Philadelphia Pennsylvania 19103, Attn: Morton R. Branzburg (mbranzburg@klehr.com); (c) counsel to TD Bank, Ballard Spahr, LLP, 919 North Market Street, 11th Floor, Wilmington, Delaware 19801-3034, Attn: Nicholas J. Brannick (brannickn@ballardspahr.com) and 1735 Market Street, 51st Floor, Philadelphia, Pennsylvania 19103 Attn: Diane E. Vuocolo (vuocolod@ballardspahr.com); and (d) the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Benjamin A. Hackman (benjamin.a.hackman@usdoj.gov) (collectively, the "**Objection Parties**"). Any such Objection must be served on the Objection Parties on or before <u>February 21, 2025, at 4:00 p.m. (Eastern Time)</u> (the "**Objection Deadline**"). Service of any Objection by e-mail is acceptable.

      If no written Objection is received by the Trustee by the Objection Deadline, then the Trustee is authorized to immediately consummate such De Minimis Sale in accordance with the Sale Procedures Order.

      If an Objection to a De Minimis Sale is properly filed and served, then the Asset(s) subject to the Objection shall only be sold upon either the consensual resolution of the objection by the parties in question or further order of the Court. If no resolution to the objection is reached, the Trustee will then schedule a hearing to consider the proposed sale of any De Minimis Assets subject to the Objection.

*[Remainder of Page Intentionally Left Blank]*

Dated:  February 18, 2025
       Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**

*/s/   David W. Carickhoff*
David W. Carickhoff (No. 3715)
Alan M. Root (No. 5427)
Alison R. Maser (No. 7430)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone: (302) 295-0192
Email:  carickhoff@chipmanbrown.com
        root@chipmanbrown.com
        maser@chipmanbrown.com
*Counsel for the Chapter 7 Trustee*