IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| The University of the Arts, *et al.*,[1] | Case No. 24-12140 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Re: Dkt. Nos. 125 and 211** |

**DECLARATION OF ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE,
IN SUPPORT OF SALE OF REAL PROPERTY AND RELATED ASSETS LOCATED
AT 329-335 S. BROAD STREET, PHILADELPHIA, PA (ANDERSON HALL)**

I, Alfred T. Giuliano, hereby certify and declare as follows:

1.  On September 13, 2024 (the "**Petition Date**"), the above-captioned debtors (the "**Debtors**") filed voluntary petitions for relief under chapter 7 of the Bankruptcy Code.

2.  I have been appointed as chapter 7 trustee of Debtors' bankruptcy estates. The section 341 meeting of creditors has been held and concluded.

3.  Unless otherwise stated, the facts set forth in this declaration are based upon my personal knowledge, upon information supplied to me by counsel or other professionals, upon my review of relevant documents, or upon my opinion based on my experience and knowledge with respect to the Debtors' estates.

4.  Prior to the Petition Date, Debtor The University of the Arts ("**UArts**") was a Pennsylvania nonprofit corporation serving as an institute of higher learning focusing on the arts.

5.  Since my appointment I have been focused on maximizing the value of the real property of UArts' bankruptcy estate.

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, where applicable, are: The University of the Arts (9911); and U of Arts Finance, LLC (9911).

6. After my appointment, I retained Jones Lang LaSalle Americas, Inc. ("**JLL**"), as the exclusive real estate broker to assist with the sale of the nine properties in Philadelphia, Pennsylvania owned by UArts: (i) Anderson Hall – 329-335 S. Broad Street; (ii) Furness Hall & Outer Structures – 320R. S. Broad Street; (iii) Hamilton Hall & Outer Structures – 320 S. Broad Street; (iv) Spruce Hall – 1224-1234 Spruce Street; (v) Gershman Hall/Student Center – 401 S. Broad Street; (vi) Juniper Hall – 311 S. Juniper Street; (vii) Arts Bank – 601 S. Broad Street; (viii) Philadelphia Arts Alliance – 251 S. 18th Street; and (ix) Terra Hall – 201-211 S. Broad Street.

7. Since the retention of JLL was approved on November 1, 2024, JLL has been aggressively marketing the real property. JLL has distributed more than 27,000 emails to potential buyers, has signed up more than 150 CA/NDAs, and has already completed more than 45 property tours. Potential buyers were asked to submit preliminary offers by December 11, 2024. After I reviewed the preliminary offers with JLL and my other professionals (and in consultation with the Prepetition Secured Creditors[2]), potential buyers were asked to submit more formal offers by December 17, 2024, and to provide additional information in connection with their ability to close on a transaction.

8. On December 13, 2024, I filed a motion seeking approval of certain due diligence reimbursements, approval of certain bid procedures, and approval of certain stalking horse procedures (the "**Bid Procedures Motion**"). On December 20, 2024, the Court entered an order approving the Bid Procedures Motion [Dkt. No. 125].

---

[2] As defined in the Final Order (A) Authorizing the Trustee to Use Cash Collateral, (B) Granting Adequate Protection, (C) Modifying the Automatic Stay, (D) Approving Sharing Arrangement Under Federal Rule of Bankruptcy Procedure 9019, and (E) Granting Related Relief [Dkt. No. 93] (the "**Final Cash Collateral Order**").

9. On February 4, 2025, I filed the *Motion of the Chapter 7 Trustee for Entry of an Order (I) Authorizing and Approving the Sale of Certain Real Property and Related Assets Located at 329-335 S. Broad Street, Philadelphia, PA (Anderson Hall) Free and Clear of All Liens, Claims, Encumbrances and Other Interests, and (II) Granting Other Related Relief* [Dkt. No. 211] (the "**Sale Motion**").[3] By the Sale Motion, I sought authority to sell Anderson Hall to 333 South Broad LLC (the "**Stalking Horse Bidder**") for $8,500,000.00 pursuant to the Asset Purchase Agreement attached to the Sale Motion (the "**Stalking Horse Bid**"). The Stalking Horse Bid (i) contains certain bid protections in the form of an expense reimbursement of up to $50,000.00, and (ii) is subject to higher and better offers.

10. While notice of the proposed sale was provided to potential buyers that had expressed an interest in Anderson Hall, no overbids for the Property were received by the Overbid Deadline of February 18, 2025. As such, I have determined, in my reasonable business judgment, and in consultation with my professionals, that the Stalking Horse Bid is the highest and best bid for the Property.

11. To the best of my knowledge and based on representations made to me, the Stalking Horse Bidder did not engage in any collusive bidding and all negotiations regarding its Stalking Horse Bid have been conducted at arm's length and in good faith.

12. To the best of my knowledge and based upon representations made to me, the transactions contemplated by the Stalking Horse Bid were not proposed, and the Stalking Horse Bidder does not propose to consummate the transaction contemplated by the Stalking Horse Bid, for the purpose of hindering, delaying or defrauding the Debtors' present or future creditors.

---

[3] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Sale Motion.

13. The consideration to be provided by Stalking Horse Bidder for the Property is fair and adequate under the circumstances and constitutes reasonably equivalent value and fair consideration for the Property being acquired.

14. I respectfully submit that sale of the Property free and clear of liens, claims, and encumbrances pursuant to section 363 of the Bankruptcy Code is the best way to maximize the value of the Property under the facts and circumstances of these cases.

15. Based on the foregoing, I believe that it is a sound exercise of my business judgment, and consistent with the requirements of section 363 of the Bankruptcy Code, to sell the Property to the Stalking Horse Bidder and that such action is in the best interests of the UArts estate and its creditors.

16. I intend to close on the sale of the Property to the Stalking Horse Bidder as quickly as possible to preserve the value of the Property and to minimize administrative expenses. Accordingly, a waiver of the 14-day stay under Bankruptcy Rule 6004(h) or any similar rule is necessary.

I declare under penalty of perjury under the laws of the United States that, based upon my knowledge, information and belief as set forth in this Declaration, the foregoing is true and correct to the best of my knowledge.

Dated: February 20, 2025

/s/ *Alfred T. Giuliano*
Alfred T. Giuliano
Chapter 7 Trustee of the Bankruptcy
Estate of The University of the Arts