**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| THE UNIVERSITY OF THE ARTS, *et al.*,[1] | Case No. 24-12140 (BLS) |
| Debtors. | (Jointly Administered) |
| | Hearing Date: 3/18/2025 at 10:00 a.m. (ET) |
| | Objection Deadline: 3/07/2025 at 4:00 p.m. (ET) |

**CHAPTER 7 TRUSTEE'S MOTION FOR APPROVAL TO ABANDON**
**AND/OR DESTROY CERTAIN REMAINING RECORDS AND DOCUMENTS**

Alfred T. Giuliano, the Chapter 7 Trustee (the "**Trustee**") of the bankruptcy estates (the "**Estates**") of the above-captioned debtors (the "**Debtors**"), hereby moves this Court (the "**Motion**") for entry of an order, substantially in the form attached hereto, pursuant to sections 105 and 554 of title 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**") and Rule 6007 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**") for approval to abandon and/or destroy certain of the Debtors' remaining records and documents. In support of this Motion, the Trustee respectfully states as follows:

**JURISDICTION**

1. The District of Delaware has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334, which has been referred to this Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. Pursuant to Local Rule 9013-1(f), the Trustee consents to the entry by this Court of a final order

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, where applicable, are: The University of the Arts (9911); and U of Arts Finance (9911).

- 2 -

in connection with this Application. The predicates for the relief requested in this Motion include Bankruptcy Code sections 105(a) and 554 and Bankruptcy Rule 6007.

## RELEVANT BACKGROUND

2. On September 13, 2024 (the "**Petition Date**"), the Debtors each filed a voluntary petition under chapter 7 of the Bankruptcy Code in the Court, thereby commencing these cases (the "**Chapter 7 Cases**").

3. Alfred T. Giuliano has been appointed as chapter 7 trustee for the Debtors' Estates. The Section 341 meeting of creditors was held and concluded.

4. The University of the Arts ("**UArts**") is a Pennsylvania nonprofit corporation that, prior to the Petition Date, served as an institute of higher learning focusing on the arts.

5. The Debtors' chapter 7 cases are being jointly administered under case no. 24-12140 (BLS), pursuant to an order entered on September 18, 2024 [D.I. 16].

6. The Records in question are located in four separate UArts buildings, Anderson Hall, Gershman Hall, Terra Hall, and Hamilton Hall.

7. Given the status of these cases, it is the Trustee's belief that certain of the Debtors' remaining records, documents, and archives (collectively, the "**Records**") are no longer necessary for the administration of the Estates.

## RELIEF REQUESTED AND BASIS

8. By this Motion, the Trustee respectfully seeks this Court's approval to, at the Trustee's discretion, immediately abandon and destroy, recycle and/or dispose of any Records that the Trustee, in his discretion, determines are not necessary to the administration of the Estates.

9. In Gershman Hall, there are voluminous Records consisting of student transcripts. These transcripts have been digitized and transferred to Moore College of Art and Design, pursuant

- 3 -

to the *Order (I) Authorizing and Approving the Repository Agreement by and Between the Trustee and Moore College of Art and Design and (II) Granting Related Relief* entered January 10, 2025 [Docket No. 155]. The Trustee requests authority to destroy the hard copies of these documents, as electronic copies have been made and transferred to Moore College of Art and Design, as the new student record custodian.

10. In Anderson Hall, there are certain nonfinancial student academic records. The Trustee requests authority to destroy the nonfinancial student academic records. As set forth above, the necessary academic records were digitized and transferred to Moore College of Art and Design. Anderson Hall also houses UArts' archive (the "**Archive**"). The Trustee does not believe that the Archive has any monetary value and requests authority to abandon and transfer the Archive to the Historical Society of Philadelphia.

11. In Terra Hall, there are student academic files on upper floors and personnel and finance records in the basement. The Trustee requests authority to abandon and/or destroy the nonfinancial student academic records. As set forth above, the necessary academic records were digitized and transferred to Moore College of Art and Design. With respect to the personnel records, many are more than twenty (20) years old. The Trustee requests authority to destroy personnel records that are older than seven (7) years.

12. In Hamilton Hall, there are student financial documents, Title IX documents, human resources documents, and finance documents. The Trustee requests authority to destroy records older than seven years.

13. Section 554(a) of the Bankruptcy Code permits the Trustee to abandon any property that is "burdensome to the estate," or that is "of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). In addition, section 105(a) of the Bankruptcy Code provides that a bankruptcy

court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

14. The Trustee has determined, in his business judgment, that the Records serve no benefit and have no value to the administration of the Estates. An expeditious abandonment and/or destruction of the Records will relieve the Trustee of the administrative burden associated with the Records.

## NOTICE

15. Notice of this Application has been provided to: (i) the Office of the United States Trustee, (ii) counsel for the lender, and (iii) all parties that have requested pursuant to Fed. R. Bankr. P. 2002 to receive notices in the lead case. In light of the nature of the relief requested, the Trustee submits no other or further notice is required.

16. No prior request for the relief sought in this Application has been made to this or any other court.

**[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

- 5 -

**WHEREFORE**, the Trustee respectfully requests entry of an order, in substantially the form attached hereto, granting the relief sought herein and such other relief as the Court deems just and appropriate under the circumstances.

Dated: February 21, 2025  
Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**

*/s/ David W. Carickhoff*
David W. Carickhoff (No. 3715)
Bryan J. Hall (No. 6285)
Alison R. Maser (No. 7430)
Aaron J. Bach (No. 7364)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone:   (302) 295-0191
Email:   carickhoff@chipmanbrown.com
             hall@chipmanbrown.com
             maser@chipmanbrown.com
             bach@chipmanbrown.com

*Counsel for the Chapter 7 Trustee*