IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| THE UNIVERSITY OF THE ARTS, *et al.*,[1] | Case No. 24-12140 (BLS) |
| Debtors. | (Jointly Administered) |
| | Hearing Date: March 18, 2025, at 10:00 a.m. (ET) <br> Objection Deadline: March 11, 2025, at 4:00 p.m. (ET) |

**MOTION OF CHAPTER 7 TRUSTEE FOR ENTRY OF AN ORDER
PURSUANT TO SECTIONS 105 AND 365 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULE 6006 AUTHORIZING REJECTION OF
A CERTAIN MASTER FACILITIES AGREEMENT**

Alfred T. Giuliano, chapter 7 trustee ("**Trustee**") for the jointly administered estates of the above-captioned debtors (the "**Debtors**") hereby moves the Court (the "**Motion**"), pursuant to sections 105(a) and 365(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"), and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), authorizing the Trustee to reject a certain Master Facilities Agreement (including any exhibits, schedules, modifications, amendments and/or addenda, the "**Agreement**") between and among The University of the Arts ("**UArts**"), as lessee, and Fiber Technologies Networks, L.L.C. (n/k/a Crown Castle Fiber, LLC), as lessor ("**Crown Castle**," or "**Lessor**") concerning the fiber optic communication network (the "**Network**") leased to UArts. In support of this Motion, the Trustee respectfully represents as follows:

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, where applicable, are: The University of the Arts (9911); and U of Arts Finance (9911).

- 2 -

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b) and the Court may enter a final order consistent with Article III of the United States Constitution. Pursuant to Local Rule 9013-1(f), the Trustee consents to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for relief sought herein are sections 105(a) and 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006.

**BACKGROUND**

4. On September 13, 2024 (the "**Petition Date**"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

5. Alfred T. Giuliano has been appointed trustee of the Debtors' estates pursuant to Bankruptcy Code section 701(a). The section 341(a) meeting of creditors was held and concluded.

6. Prior to the Petition Date, Debtor UArts was a Pennsylvania nonprofit corporation serving as an institute of higher learning focusing on the arts.

7. Prior to the Petition Date, UArts, as lessee, and Fiber Technologies Networks, L.L.C. (n/k/a Crown Castle Fiber, LLC), as lessor, entered into that Master Facilities Agreement dated August 21, 2012. Pursuant to the Agreement, the Lessor was engaged by UArts to lease certain optic fibers within the Lessor's system for use by UArts.

4912-0172-4958, v. 2

8. Pursuant to the Agreement, UArts agreed to pay a use charge of $10,439.00 per month to lease the Lessor's fiber optic network. Upon execution of the Agreement, UArts agreed to pay a one-time fee of $4,000 as a Colocation Service Implementation Fee.

### RELIEF REQUESTED

9. By this Motion, the Trustee respectfully requests the entry of an Order pursuant to sections 105(a) and 365(a) of the Bankruptcy Code authorizing the rejection of the Agreement effective as of February 28, 2025.[2]

### BASIS FOR RELIEF REQUESTED

**A.     Rejection of the Agreement**

10. Section 365 of the Bankruptcy Code provides, in relevant part, that a "trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a).

11. The decision to assume or reject an unexpired lease or executory contract is a matter within the "business judgment" of the trustee. *See*, *e.g.*, *National Labor Relations Board v. Bildisco (In re Bildisco)*, 6825 F.2d 72, 79 (3d Cir. 1982). The rejection of an unexpired lease or executory contract is appropriate where rejection of the lease would benefit the estate. *Sharon Steel Corp. v. National Fuel Gas Distribution Corp.*, 872 F.2d 36, 40 (3d Cir. 1989); *see also*, *In re Rickel Home Ctrs., Inc.*, 209 F.3d 291 (3rd Cir. 2000).

12. The Trustee submits that there is sound business judgment for the rejection of the Agreement. UArts no longer needs the fiber optic network described in the Agreement due to filing these chapter 7 cases, the cessation of operations, and the sale of various buildings. The Agreement is not necessary to administer these chapter 7 cases.

---

[2] Nothing herein shall be deemed an admission that Agreement is an executory contract. Trustee is filing this Motion in an abundance of caution. The Trustee reserves all rights.

13. Accordingly, the Trustee submits that the rejection of the Agreement is within his sound business judgment and is in the best interest of the Debtors' estates, creditors, and other parties-in-interest.

**B.    Effective Date of Rejection**

14. Here, the Trustee seeks rejection of the Agreement effective as of February 28, 2025. As set forth above, while the term of the Agreement has not expired, the services described in the Agreement are no longer necessary for the Debtors and indeed would cause additional and unnecessary expense to the Debtors' estates.

## NOTICE

15. Notice of this Motion has been provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the Lessor; and (iii) all parties that have requested notice in these cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Trustee submits that no other or further notice is necessary.

## NO PRIOR REQUEST

16. No prior motion for the relief requested herein has been made to this or any other court.

## CONCLUSION

**WHEREFORE**, the Trustee respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the rejection of the Agreement as of February 28, 2025, and granting such other and further relief as is just and equitable.

Dated: February 25, 2025
      Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**

*/s/ David W. Carickhoff*
David W. Carickhoff (No. 3715)
Alan M. Root (No. 5427)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone: (302) 295-0191
Email: carickhoff@chipmanbrown.com
       root@chipmanbrown.com

*Counsel for the Chapter 7 Trustee*