IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| THE UNIVERSITY OF THE ARTS, *et al.*,[1] | Case No. 24-12140 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Related Docket No. 259** |

**ORDER PURSUANT TO SECTIONS 105 AND 365 OF THE BANKRUPTCY
CODE AND BANKRUPTCY RULE 6006 AUTHORIZING REJECTION
OF A CERTAIN MASTER FACILITIES AGREEMENT**

Upon the Motion (the "**Motion**")[2] of Alfred T. Giuliano, as chapter 7 trustee (the "**Trustee**") for the jointly administered estates of the above-captioned debtors (the "**Debtors**"), seeking entry of an order authorizing the Trustee to reject that certain Agreement; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) notice of the Motion was sufficient under the circumstances and that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court having determined that the relief sought in the Motion is in the best interest of the Debtors and the estates; and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED.

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, where applicable, are: The University of the Arts (9911); and U of Arts Finance (9911).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2. To the extent the Agreement is an executory contract, it is hereby deemed rejected as of February 28, 2025. Notwithstanding the foregoing relief, the Trustee reserves the right to object to any claims of any nature, including any administrative or rejection damages claims, that may be filed or otherwise asserted by the Lessor in connection with the Agreement or otherwise.

3. The Trustee is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

4. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5. This Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

Dated: March 14th, 2025
Wilmington, Delaware

BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE